*1040 OPINION

Per Curiam:

In this case, we must determine whether the doctrine of commercial frustration applies to discharge a contractual obligation to pay the full purchase price where the subject property was destroyed by fire. We hold that the buyers were not released from their contractual obligations under the doctrine of commercial frustration and reverse the judgment of the district court.
Appellants Bobby Graham, Sharon Selders Graham, Walter Dale Lewis and Hazel D. Lewis (sellers) sold the respondents Chin Ho Kim and Bok Yang Kim (buyers) a business property in Las Vegas known as the Big 8 Market. On June 7, 1990, all parties signed an offer and acceptance, with attachments. On September 5, 1990, all parties executed a contract of sale for the Big 8 Market. The total purchase price was $275,000.00; buyers paid $125,000.00 as a down payment, and signed a promissory note for $207,000.00, the balance of the cost plus interest, payable over a ten-year term for the balance of the cost. Buyers delivered a duly executed UCC-1 Financing Statement covering inventory, equipment and fixtures for a maximum amount of indebtedness to be secured at any one time of $207,000.00.
On September 10, 1990, buyers contacted a Farmers Insurance agent and purchased insurance for the Big 8 Market. Among other things, the insurance policy covered $200,000.00 of “Business Personal Property” with a $500.00 deductible.
Buyers took possession of the Big 8 Market and made the payments per the promissory note up to and on April 10, 1992. As of April 10, 1992, buyers owed $185,243.93 plus interest at *1041 nine percent. Buyers operated the Big 8 Market until April 30, 1992, when it was destroyed in the violence that erupted after the first Rodney King[1] verdict was announced. Buyers claimed $195,451.00 for inventory losses.
Buyers ceased making payments to sellers after the fire destroyed the Big 8 Market. On July 29, 1992, sellers demanded that buyers make payment. In response to sellers’ demand letter, Farmers Insurance Company decided to name sellers on a $170,000.00 payment check.[2] Both parties stipulated that the $170,000.00 check be placed in an interest bearing account under the attorneys’ names pending settlement or judgment.
On May 26, 1994, the district court entered written findings of fact, conclusions of law and a judgment. The district court ruled that the doctrine of commercial frustration discharged buyers’ obligation under the contract and promissory note. The district court further ruled that, inasmuch as buyers’ obligations under the contract of sale had been discharged, sellers had no right to insurance proceeds relating to the destruction of the market and can make no claim against the insurance proceeds by virtue of their security interest and financing statement.
The doctrine of commercial frustration applies to discharge a party’s contractual obligation when “[p]er for manee remains possible but the expected value of performance to the party seeking to be excused has been destroyed by a fortuitous event, which supervenes to cause an actual but not literal failure of consideration.” Lloyd v. Murphy, 153 P.2d 47, 50 (Cal. 1944). In the present case, sellers argue that the district court erred when it discharged buyers’ contractual obligation to sellers on the ground that the fire was an unforeseeable supervening event that frustrated the contract’s principal purpose. We agree.
The doctrine of commercial frustration does not apply “if the unforeseen contingency is one which the promisor should have foreseen, and for which he should have provided.” Nebaco, Inc. v. Riverview Realty Co., 87 Nev. 55, 57, 482 P.2d 305, 307 (1971). It would appear that buyers foresaw the possibility that *1042 the Big 8 Market could have been destroyed in a fire. The Kims’ purchase of fire insurance for the Big 8 Market evidences their understanding of this possibility.
The district court concluded that sellers were not entitled to the insurance proceeds because the doctrine of commercial frustration relieved the buyers of all their obligations to sellers. Since we conclude that the doctrine of commercial frustration does not apply to the present case, the buyers continue to bear the obligation to sellers for the full purchase price that they agreed to pay. The judgment of the trial court is reversed.

On April 30, 1992, a jury acquitted four Los Angeles police officers on assault charges filed against them after they beat Rodney King, an African-American. Seth Mydans, The Police Verdict; Los Angeles Policeman Acquitted in Taped Beating, N.Y. Times, April 30, 1992, at Al. The case received much national attention because a videotape of the beating was shown repeatedly on national news broadcasts.

Apparently, Farmers Insurance had already paid $30,000.00 of the $200,000.00 policy to the buyers.